Ward Graves, Respondent, v. Thomas Dorsey, Appellant.

First Department, January 29, 1952.

*Lee V. Eastman* of counsel (*Lawrence B. Simons* with him on the brief; *Spring & Eastman,* attorneys), for appellant.

*Charles Henry* for respondent.

*Per Curiam.* Under the court's charge the plaintiff could not prevail without proof that the defendant accepted a bribe of $3,000 to repudiate the contract. In the absence of objection the charge became the law of the case in this respect. The evidence entirely failed to establish the acceptance of such bribe. In fact, the plaintiff conceded that he had no proof on that subject, except mere rumor in the trade. Accordingly, and because the evidence as a whole failed to establish any malicious interference with the plaintiff's contract on the part of the defendant, the judgment should be reversed, with costs of this appeal to the appellant and the complaint dismissed, and judgment directed to be entered dismissing the complaint herein, with costs.

SHIENTAG, J. (dissenting in part). I dissent in part and vote to reverse and to order a new trial. The plaintiff failed to make out the cause of action alleged in his complaint. Neither the granting of the " conventional " motion to conform the pleadings to the proof nor the Judge's charge purported to deal with any alleged willful, malicious conduct of the defendant other than that specifically charged in the complaint. In the interests of justice, however, the plaintiff should have the opportunity of amending his complaint properly and proceeding to a new trial in accordance therewith.

PECK, P. J., GLENNON, CALLAHAN and VAN VOORHIS, JJ., concur in *Per Curiam* opinion; SHIENTAG, J., dissents in part, in opinion.

Judgment reversed, with costs of this appeal to the appellant and the complaint dismissed, and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.